FRANK SATALINO, ESQ., CSB BAR NO. 143444
LAW OFFICES OF FRANK SATALINO
19 Velarde Court
Rancho Santa Margarita, CA 92688
Telephone: 949-735-7604; Facsimile: 949-459-5789
Attorney for Plaintiff/Creditor
ATHENA TAYLOR

UNITED STATES BANKRUPTCY COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SIDDIQI,<br><br>    Debtor,<br><br>SS# xxx-xx-5948<br><br>ATHENA TAYLOR;<br><br>    Plaintiff,<br><br>    v.<br><br>RIZWAN SIDDIQI aka RIZWAN MIRZA aka RIZ MIRZA; and BARBARA MILLER aka BARBARA "ORIAH" MILLER aka BARBARA MIRZA aka BARBARA ANN MILLER-MORO aka BARBARA MORRELL,<br><br>    Defendants. | CASE NO: 09:14-BK-12351-DS<br><br>**Chapter 7**<br><br>**COMPLAINT FOR DETERMINATION OF NON-DISCHARGABILITY PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A)(B) and (4); 524(b)(2) (A/ B), 727(a)(8)**<br><br>ADV PROC # _____. |

Comes now Creditor/Plaintiff ATHENA TAYLOR, by and through counsel, Frank Satalino, Esq. who complains and alleges as follows:

### GENERAL ALLEGATIONS

1.    Creditor/Plaintiff ATHENA TAYLOR (hereinafter "Plaintiff" and/or "TAYLOR"), formerly known as Toye Taylor, is an individual who at all times relevant to was a citizen of the State of California.

---
COMPLAINT
C:\Users\Frank\Documents\DATA\Toye\Riz Mirza\Adversary Complaint Atehna BK.doc

2. Debtor/Defendant RIZWAN SIDDIQI aka RIZWAN MIRZA aka RIZ MIRZA RIZWAN MIRZA (hereinafter "Siddiqi") at all times herein mentioned was and is an individual and a citizen of the State of California and the Debtor in the above entitled Chapter 7 Bankruptcy Action.

3. Defendant BARBARA MILLER aka BARBARA "ORIAH" MILLER aka BARBARA MIRZA aka BARBARA ANN MILLER-MORO aka BARBARA MORRELL (hereinafter "Miller") at all times herein mentioned was and is an individual and a citizen of the State of California.

4. MILLER on information and belief is Siddiqi's non-filing spouse in the above entitled Chapter 7 Bankruptcy. Siddiqi and Miller are hereinafter collectively referred to as the "Mirzas."

5. This action arises under 11 U.S.C. §§ 523(a)(2)(A) and (B) and (4) exception to discharge for debt incurred by fraud, and embezzlement and larceny, and 11 U.S.C. §§ 524(b)(2)(A)(B), 11 U.S.C. §§ 524(b)(2)(A),(B) to determine the non-dischargeability of certain community debts.

6. The Bankruptcy Court has the power to hear this case as a core proceeding pursuant to 28 U.S.C. § 157.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference Paragraphs 1-6 of this Complaint

8. On or around January thru May 12, 2010, Plaintiff TAYLOR and Defendants Siddiqi and Miller tricked and defrauded Plaintiff TAYLOR into providing funds to them for a purported business "venture" whereby PLAINTIFF TAYLOR would supposedly provide significant funds and property to said Defendant Mirzas as a purported investment in a business being contemplated, proposed, and/or operated by said Defendant Mirzas, entitled at the time

"BUMMED OUT TO BLISSED OUT", and Plaintiff TAYLOR would supposedly obtain and own a 33 1/3 % share and ownership in various Mirzas' supposed contemplated or existing franchises such as and including "RIZ MIRZA ENTERPRISES", "RED EAGLE PRODUCTIONS", etc. and own a purported contemplated reality television project entitled at the time "BUMMED OUT TO BLISSED OUT. At that time, Defendants Mirzas knew TAYLOR was in a vulnerable state, due to marital and financial issues, and looked to Mirza as successful, honest persons who held themselves out as spiritual advisors; and said Defendants preyed on her condition to obtain significant funds from her.

9. Accordingly, on or around January thru May, 2010, Defendant Mirza's lied, tricked, defrauded, made misstatements for, provided writings for the intent to lie and mislead, and otherwise fraudulently induced TAYLOR to, and Plaintiff TAYLOR. in reliance on such representations, promises of friendship, professionalism, and honesty, and claims of potential riches and involvement in the television and Hollywood type industry, did so provide to, and pay to Defendants MIRZAs funds and property in the amount of at least $ 92,500.00. The aforementioned debt for providing of money was thus incurred under false pretenses, false representation, actual fraud, and use of false written statements, such that the debt is non dischargeable under 11 U.S.C. §§ 523(a) (2) (A)(B) and (4).

10.    Plaintiff alleges that throughout the period of their relationship, from January thru late May, 2010, Defendants Mirzas represented, warranted and agreed to Plaintiff TAYLOR that they would use Plaintiffs funds, credit, credit cards, and other assets in the furtherance of their promised joint business endeavors, and to retain, account for, and repay such assets back to Plaintiff shortly, including the assets provided by Plaintiff to Defendants in the amount of $ 92,500.00, and to also provide disclosure and fair and accurate accounting of profits, and fair

and honest distributions of those profits in their joint business venture. Defendants had an affirmative duty to honor their obligations to use Plaintiffs funds, credit, credit cards, and other assets in the furtherance of their joint business endeavors, and to retain, account for, and repay such assets shortly, and to provide disclosure and fair and accurate accounting of profits, and fair and honest distributions of those profits.

11. Plaintiff actually and reasonably relied on Defendants Mirzas promises to fulfill the aforementioned duties, and use such funds for the aforementioned business enterprises and projects, to fulfill their duty to provide disclosure and fair and accurate accounting of profits, and fair and honest distributions of those profits to the Plaintiff., and so on that basis provided Mirzas the aforementioned funds.

12. However, said Defendant Mirzas statements and representations to TAYLOR were false, and or made with reckless disregard of their falsity, as said Defendants actually took and converted said assets of Plaintiff not for the reasons promised, with the intent to reimburse or produce value for, but instead Mirzas used said funds for their own personal benefit and use, and said Defendants breached their duty to use Plaintiffs funds, credit, credit cards, and other assets in the furtherance of their joint business endeavors, and to retain, account for, and repay such assets back to Plaintiff shortly, including the assets provided by Plaintiff to Defendants in the amount of $ 92,500.00, as well as failing to provide disclosure and fair and accurate accounting of said payments, as well as profits, and fair and honest distributions of those profits as to their joint business venture. Further, those purported promised "business ventures" and "development projects" never came to fruition. In fact, is informed and believes and accordingly there apparently never was any such television show, nor any reasonable possibility of same. Rather, accordingly, unbeknownst to TAYLOR, Plaintiff alleges based on information and

4

belief that the Mirzas were effectively insolvent, apparently surviving on defrauding their victims into giving them money for "spiritual services" that were, and continue to be, a sham. Defendants simply took advantage of Plaintiff's state of distress to con her out of her funds, and have subsequently refused to repay her for the funds they took from her.

13. Defendants MIRZAS proximately caused damage and harm to Plaintiff due to their fraud, misrepresentations and breach of duties.

14. The aforementioned fraud and breach of the duties by said Defendants proximately caused damage and harm to the Plaintiff in an amount on information and belief exceeding the amount of $ 92,500.00 according to proof at the trial.

15. At the time Defendants MIRZAS concealed material facts from the Plaintiff, as alleged herein above, Defendants knew or should have known that in concealing material facts from the Plaintiff, they would cause her serious financial harm. The said Defendants willfully and maliciously concealed said material facts and converted said assets contrary to their representations to Plaintiff in order to fraudulently obtain said funds from Plaintiff to use for their own benefit. These misrepresentations and concealments were made pursuant to a design and scheme entered into by and among the Defendants to defraud the Plaintiff.

16. The foregoing conduct of Defendants MIRZAS were oppressive (as defined in Civil Code § 3294(c)(2)), fraudulent (as defined in Civil Code § 3294(c)(3)), and malicious (as defined in Civil Code § 3294(c)(1)) and motivated by a wrongful intention to injure the Plaintiff; and for that reason he is entitled to an award of punitive or exemplary damages in an amount appropriate to punish and make an example of Defendants MIRZAS .

17. Said Defendants Mirzas wrongfully converted, embezzled, took, misused and misappropriated said assets, using and spending them for their own personal purposes and

expenses, rather than for the purpose for which they were intended, pursuant to 11 U.S.C. §§ 523(a) (2) (A)(B) and (4). .

18. Defendants, having wrongfully converted, embezzled, took, misused and misappropriated said assets, using and spending them for their own personal purposes and expenses, rather than for the purpose for which they were intended, and failing to return said assets to Plaintiff, are as of this time in wrongful possession of said assets, which have a value well in excess of the jurisdictional limit of this court, specifically $ 92,500.00, according to proof at the time of trial.

19. On or about January through May 12, 2010, and at all times through the present time, Defendants tricked lied and defrauded TAYLOR into providing them the aforementioned funds, wrongfully took and maintained possession of said assets, moneys and property belonging to PLAINTIFF referenced hereinabove, kept possession of said property, and refused to deliver and return said property to PLAINTIFF and converted the same to their own use.

20. On or about May 12, 2010 through the present, Plaintiff orally and in writing on many occasions demanded the immediate return of the aforementioned property, but Defendants failed and refused and continue to fail and refuse to return the property to Plaintiff.

21.    As a proximate result of Defendants fraudulent acts, Plaintiff has suffered damages from the loss of said assets, including the loss of use and enjoyment of said assets and the business use and sale of said assets, in an amount of in excess of the jurisdictional limit of this court, and in excess of $ 92,500.00, according to proof at the time of trial.    Between the time of Defendants conversion of the above mentioned property to their own use and the filing of this action, Plaintiffs have incurred costs and fees in pursuit of said property, including time spent by them and their agents, costs, and fees, according to proof at the time of trial.

22. Defendants apparently continue operating their various unlicensed questionable businesses; as Siddiqi apparently holds himself out as "spiritual medium, " and Miller, who has little formal training, holds herself out as a "life coach" and promotes her husband's business, as well as selling her book. The Mirzas also hold what they refer to as "spiritual journeys" at their home in Malibu, for which they charge hundreds of dollars per person – oft times in.

23. On information and belief, said Defendants have within the last few years provided judgment debtor exams materially and substantially conflicting with the financial disclosures made to this Court.

24. Plaintiff TAYLOR has previously filed a state lawsuit against Siddiqui's in the Los Angeles Superior Court.

25. Siddiqi thereafter filed for this Bankruptcy. Miller, who had apparently previously filed for bankruptcy, did not. In his schedules, Siddiqi apparently understates his belongings and does not identify his spouse, MILLER, and in fact, improperly checked the no co-debtor's box in his Schedule H, despite apparently being married .

### **REQUEST FOR DETERMINATION OF NON-DISCHARGABILITY**

### **CORE PROCEEDING**

26. Plaintiff incorporates by reference Paragraphs 1-25  of this Complaint.

27. As set forth herein,  on or  around January thru May, 2010, Defendant Mirza's lied, tricked, defrauded, made misstatements for, provided writings for the intent to lie and mislead, and otherwise fraudulently induced TAYLOR to, and Plaintiff TAYLOR  in reliance on such representations, actual and constructive fraud, and misleading and untrue statements did so provide to, and pay to Defendants MIRZAs funds and property in the amount of at least $ 92,500.00. The aforementioned debt for providing of money was thus incurred under false

Main Document    Page 8 of 11

pretenses, false representation, actual fraud, and use of false written statements, such that the debt is non dischargeable under 11 U.S.C. §§ 523(a) (2)(A)(B), and as a fiduciary through fraud, larceny and embezzlement pursuant to 11 U.S.C. §§ 523(a)(4). This matter is thus a core proceeding.

28. Pursuant to 11 U.S.C. § 523 (a) (2) (A)(B) and (4) the aforementioned debt induced by fraud is not entitled to discharge, and this Court could not grant, a discharge as to this debt.

29. Plaintiff TAYLOR's currently pending civil lawsuit against Mirzas sought and seeks jointly and several liability against the Mirza's during their marriage. The debt is, therefore, a community obligation. Ca.Fam.Code § 910. This matter is thus a core proceeding.

30. Miller, under her aka Barbara Ann Miller-Moro, apparently, on information and belief, filed for bankruptcy on June 3, 2009 and obtained a discharge on October 19, 2009. Siddiqi filed his pending bankruptcy petition on October 26, 2014.

31. Pursuant to 11 U.S.C. 524(a)(3), a discharge ... "operates as an injunction against the commencement or continuation of an action ... to collect ... property of the debtor ... that is acquired after the commencement of the case, on account of any allowable community claim...."

32. However, pursuant to 11 U.S.C. § 524(b)(2); any community debt that would be nondischargeable were the non-filing spouse to have filed at the same time remains enforceable against post-petition community property notwithstanding the filing spouse's potential discharge in that case provided: (A) the court would not grant the debtor's spouse a discharge in a case under chapter 7 of this title concerning such spouse commenced on the date of the filing of the petition in the case concerning the debtor; and, (B) a determination that the court would not so grant such discharge is made by the bankruptcy court within the time and in the manner provided for a determination under section 727 of this title of whether a debtor is granted a discharge.

31. Pursuant to 11 U.S.C. § 727(a)(8), Miller would not be entitled to, and this Court should also not grant, a discharge in this matter for this reason as she filed for and received a bankruptcy discharge within eight (8) years of the filing date of Siddiqi's pending bankruptcy.

WHEREFORE, Plaintiff/Creditor ATHENA prays that pursuant to 11 U.S.C. §§ 523(a) (2) and (4), 11 U.S.C. §§ 524(b)(2)(A and B), and 727(a)(8), that this Court:

1. Determine and declare that the debt of Debtors to TAYLOR be deemed a debt incurred by fraud under 11 U.S.C. §§ 523(a) (2) and (4) and that said debt not be discharged;

2. Determine and declare that the claims of TAYLOR in the LASC lawsuit entitled Taylor v. Miller et al is a community debt; and,

3. Determine and declare that the claims in the LASC lawsuit entitled Taylor v. Miller et al is a community debt; and,

4. Determine and declare that the Mirza's community debt to Taylor is nondischargeable as to any and all of Miller's separate property and the Mirza's postfiling community property;

5. Determine and declare that the Mirza's post-filing community property is and shall remain liable for the community debt, notwithstanding any discharge granted in the bankruptcy proceeding *in re* Siddiqi; and,

6. Award Taylor her attorney's fees and costs in this proceeding; and,

7. For such other relief as this Court may deem just and proper.

Respectfully Submitted this 12th day of February, 2015

                              LAW OFFICES OF FRANK SATALINO
                              By:
                              _____
                              FRANK SATALINO, ESQ.,
                              Attorneys for Plaintiff ATHENA TAYLOR
                              fna TOYE TAYLOR

FORM B104 (08/07)                                                       2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>ATHENA TAYLOR | **DEFENDANTS**<br>RIZWAN SIDDIQI aka RIZWAN MIRZA aka RIZ MIRZA; and BARBARA MILLER aka BARBARA "ORIAH" MILLER aka... |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Frank Satalino, Esq.; Law Offices of Frank Satalino<br>19 Velarde Court; Rancho Santa Margarita, CA 92688<br>(949) 735-7604 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Non Dischargeability of Debt as a result of fraud by debtor, as exception to discharge for debt incurred by fraud pursuant to 11 U.S.C. §§ 523(a) (2) and (4), and for non dischargeability as a result of spouse's prior bankruptcy pursuant to 11 U.S.C. §§ 524(b)(2) and 11 USC 727(a)(8) to determine the non-dischargeability of certain community debts.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[1] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[2] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[3] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[4] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought



FORM B104 (08/07), page 2                  2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| **NAME OF DEBTOR**<br>Rizwan Siddiqi | **BANKRUPTCY CASE NO.**<br>09:14BK12351-DS |
| **DISTRICT IN WHICH CASE IS PENDING**<br>Central District of California | **DIVISIONAL OFFICE**<br>Santa Barbara | **NAME OF JUDGE**<br>Hr. Deborah J. Saltzman |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**
*[signature]*

| **DATE**<br>2/12/15 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>Frank Satalino, Esq. |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.